FILED
United States Court of Appeals
Tenth Circuit

April 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT D. ORR,

    Plaintiff - Appellant,

v.

HUSCH BLACKWELL, LLP; DOUGLAS
J. SCHMIDT; JOHN J. CRUCIANI,

    Defendants - Appellees.

No. 17-3214
(D.C. No. 2:16-CV-02694-CM-GLR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Robert D. Orr, proceeding pro se, appeals the district court's dismissal of his

malpractice claims against Husch Blackwell, LLP, Douglas J. Schmidt, and John J.

Cruciani (collectively, "Husch"). We exercise jurisdiction under 28 U.S.C. § 1291

and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Orr was an officer and shareholder of Brooke Corporation and Brooke Capital Corporation (collectively, "Brooke"), public corporations in the insurance agency franchise business. In September 2008, Mr. Orr, Brooke, and several affiliated companies were sued for fraudulent conduct and other charges in the United States District Court for the District of Kansas. The court appointed a special master to manage the companies, and the special master hired Husch as counsel. Mr. Orr objected numerous times to the special master's business decisions, in particular the decision to cease franchise support activities. After Brooke filed for bankruptcy under Chapter 11, the special master became the Chapter 11 trustee for the Brooke bankruptcy estate. Husch was counsel for the trustee. The Chapter 11 bankruptcy was later converted to a Chapter 7 bankruptcy, and the trustee's appointment ended.

In August 2010, Mr. Orr unsuccessfully sued the special master. *Orr v. Riederer*, No. 10-1303-CM, 2012 WL 2583393 (D. Kan. July 3, 2012).

In October 2016, Mr. Orr sued Husch for its representation of the special master and the Chapter 11 trustee. The gist of his initial claims is that Husch's alleged misconduct caused Brooke's financial collapse. After Husch filed a motion to dismiss, Mr. Orr added claims based on the theory that he sustained additional damages as a result of Husch's alleged misconduct. Husch then supplemented its motion to dismiss. After the motion was fully briefed, the district court dismissed all of Mr. Orr's claims, concluding that he lacked standing; that his claims were barred

2

by res judicata, judicial estoppel, and the applicable statute of limitations; and that he failed to state a claim. As pertinent to this appeal, the court ruled, "If Husch committed any torts arising out of its representation of the Special Master or Chapter 11 Trustee, they were against Brooke or the bankruptcy estate and the cause of action lies with Brooke or the Trustee." R., Vol. 4, at 134. Because Mr. Orr did not establish that he had either a distinct and disproportionate injury or a contractual relationship with Husch, the court determined that he lacked standing to bring such claims.

Mr. Orr challenges the dismissal of only four of his malpractice claims against Husch. We affirm on the ground that Mr. Orr lacks standing to bring these claims, and therefore we do not address his other arguments.

## II. Analysis

We review de novo whether Mr. Orr has standing. *See Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). Because Mr. Orr is proceeding pro se, we liberally construe his pleadings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But pro se parties must follow the same rules of procedure that govern other litigants, and we will not take on the responsibility of constructing arguments and searching the record on Mr. Orr's behalf. *See id.*

"[C]onduct which harms a corporation confers standing on the corporation, not its shareholders." *Bixler*, 596 F.3d at 756. "A shareholder may only litigate as an individual if the wrong to the corporation inflicts a distinct and disproportionate injury on the shareholder, or if the action involves a contractual right of the

3

shareholder which exists independently of any right of the corporation." *Lightner v. Lightner*, 266 P.3d 539, 546 (Kan. Ct. App. 2011) (internal quotation marks omitted). Orr disavows that he is making any derivative claims, *see* Opening Br. at 61, so we analyze his claims under the requirements for bringing direct actions. "Direct actions by a shareholder against officers or directors of a corporation are generally reserved for injuries affecting the individual legal rights of that shareholder." *Lightner*, 266 P.3d at 545. Thus, Mr. Orr must show that he "has suffered an injury that is not dependent on an injury to the corporation." *Id.* (internal quotation marks omitted).

Mr. Orr has not shown he can meet the requirements for bringing an individual action against Husch. Even if Husch caused Brooke's bankruptcy and Brooke has potential causes of action against Husch for malpractice, as Mr. Orr alleges, his own claims are inextricably linked to Brooke and cannot exist independently of any rights of the corporations. He has not shown either a distinct disproportionate injury from Husch's alleged conduct or a contractual relationship that would confer standing on him. Although he claims to have consented to the appointment of the special master and the Chapter 11 trustee, such actions undertaken as an officer of Brooke do not establish a contractual relationship between Husch and Mr. Orr individually. Accordingly, he does not have standing to pursue these malpractice claims against Husch.

4

## III. Conclusion

We affirm the district court's judgment of dismissal and deny Husch's motion for summary affirmance as moot.

Entered for the Court

Monroe G. McKay
Circuit Judge